LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MATIAS RIVERA, CHARLES RESNICK
and JONATHAN HERNANDEZ,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class*,

      Plaintiffs,

      v.

600 WEST 169TH REST. INC. d/b/a COOGAN'S,
PETER WALSH, DAVID HUNT
and THERESA MCDADE,

      Defendants.

---

Case No.: 17-cv-8344

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiffs, MATIAS RIVERA, CHARLES RESNICK and JONATHAN HERNANDEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, 600 WEST 169TH REST. INC. d/b/a COOGAN'S ("Corporate Defendant"), PETER WALSH, DAVID HUNT and THERESA MCDADE (collectively, "Individual Defendants," and together with Corporate Defendant, "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit deduction, (2) unpaid regular and overtime wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage due to invalid tip credit deduction, (2) unpaid regular and overtime wages due to time-shaving, (3) unpaid spread of hours premium, (4) improper meal credit deductions, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

3.      Plaintiff MATIAS RIVERA further alleges that, pursuant to the Family Medical Leave Act ("FMLA"), he is entitled to recover from Defendants: (1) back pay, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the Sourthern District pursuant to 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff MATIAS RIVERA is a resident of New York County, New York.

7.      Plaintiff CHARLES RESNICK is a resident of New York County, New York.

8.      Plaintiff JONATHAN HERNANDEZ is a resident of New York County, New York.

9.     Defendants operate a food and beverage establishment under the trade name "Coogan's" located at 4015 Broadway, New York, NY 10032.

10.     Corporate Defendant 600 WEST 169TH REST. INC. d/b/a COOGAN'S is a domestic business corporation organized under the laws of the State of New York, with a principle place of business located at 4015 Broadway, New York, NY 10032 and an address for service of process located at c/o Donald Bernstein, 1177 Avenue of the Americas, 5, New York, NY 10036. Defendants operate "Coogan's" restaurant through 600 WEST 169TH REST. INC.

11.     Individual Defendant PETER WALSH is an owner and senior executive officer of Corporate Defendant. PETER WALSH exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. PETER WALSH had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to PETER WALSH regarding any of the terms of their employment, and PETER WALSH would have the authority to effect any changes to the quality and terms of employees' employment. PETER WALSH regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. PETER WALSH ensured that employees effectively serve customers and that the business is operating efficiently and profitably. PETER WALSH exercised functional control over the business and financial operations of Corporate Defendant.

12.     Individual Defendant DAVID HUNT is an owner and senior executive officer of Corporate Defendant. DAVID HUNT exercised control over the employment terms and

conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. DAVID HUNT had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to DAVID HUNT regarding any of the terms of their employment, and DAVID HUNT would have the authority to effect any changes to the quality and terms of employees' employment. DAVID HUNT regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. DAVID HUNT ensured that employees effectively serve customers and that the business is operating efficiently and profitably. DAVID HUNT exercised functional control over the business and financial operations of Corporate Defendant.

13.    Individual Defendant THERESA MCDADE is an owner and senior executive officer of Corporate Defendant. THERESA MCDADE exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. THERESA MCDADE had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to THERESA MCDADE regarding any of the terms of their employment, and THERESA MCDADE would have the authority to effect any changes to the quality and terms of employees' employment. THERESA MCDADE regularly visited the restaurant and directly reprimanded any employee who did not perform his duties correctly. THERESA MCDADE ensured that employees effectively serve customers and that

the business is operating efficiently and profitably. THERESA MCDADE exercised functional control over the business and financial operations of Corporate Defendant.

14.    At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

15.    At all relevant times, Defendants were "covered employers" and Plaintiff MATIAS RIVERA was an "eligible employee" within the meaning of the FMLA.

16.    At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.    Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to cooks, line cooks, prep cooks, dishwashers, bartenders, hosts/hostesses, catering staff, porters, servers, runners and bussers, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.    At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages for all hours worked due to time shaving. Plaintiff CHARLES RESNICK and a subgroup of FLSA Collective Plaintiffs who were tipped employees, including but not limited to servers, runners, bussers and bartenders, further claim

that Defendants willfully violated their rights by failing to pay the minimum wage in the lawful amount for hours worked. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

19.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.    Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, line cooks, prep cooks, dishwashers, bartenders, hosts/hostesses, catering staff, porters, servers, runners and bussers, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

21.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

22.    The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees, including but not limited to servers, runners, bussers and bartenders ("Tipped Subclass"), who also number more than forty (40). Plaintiff CHARLES RESNICK is a member of both the Class and the Tipped Subclass.

23.    Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages for all hours worked due to time shaving, (ii) failing to pay spread of hours premium, (iii) taking an improper meal credit from wages, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. In addition, the Tipped Subclass suffered from Defendants' failure to pay minimum wage. Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

(d)     Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants paid Plaintiff and the Tipped Subclass members the minimum wage under the New York Labor Law;

(f)     Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

(g)     Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(h)     Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the New York Labor Law;

(i)     Whether Defendants required Plaintiff and the Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(j)     Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members;

(k)     Whether Defendants paid Plaintiffs and Class members the proper regular and overtime compensation for all hours worked, under the New York Labor Law;

(l)     Whether Defendants paid Plaintiffs and Class members the spread of hours premium as required by the New York Labor Law;

(m)     Whether Defendants took an invalid meal credit from Plaintiffs and Class members' wages in violation of New York Labor Law;

(n)     Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(o)     Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

### *Plaintiff MATIAS RIVERA*

28.     From in or about July 2009 until in or about  October 2016, Plaintiff MATIAS RIVERA was employed by Defendants to work as a busser and catering staff member for Defendants' "Coogan's" restaurant located at 4015 Broadway, New York, NY 10032.

29.     Throughout his employment with Defendants, Plaintiff MATIAS RIVERA regularly worked more than forty (40) hours per workweek and more than ten (10) hours per workday. At all relevant times during his employment, Plaintiff MATIAS RIVERA's regular work schedule was eight (8) hours per day, from 9:00 a.m. to 5:00 p.m., for seven (7) days per week. However, for five (5) days per week, Plaintiff MATIAS RIVERA's actual working schedule was from 5:00 a.m. to 7:00 p.m. to deliver and serve catering events. When Plaintiff MATIAS RIVERA was not working for catering events, he worked at the restaurant performing various tasks such as receiving and organizing ingredients and supplies, taking inventory, making food deliveries to customers, cleaning the basement, and fixing plumbing and electric matters in the restaurant.

30.     From in or about October 2011 until in or about May 2012, Plaintiff MATIAS RIVERA was paid at a regular rate of $12.00 per hour. From in or about June 2012 until the end of his employment with Defendants, Plaintiff MATIAS RIVERA was paid at a regular rate of $14.00 per hour.

31.     Occasionally, Plaintiff MATIAS RIVERA fell ill due to fatigue and exhaustion from his long daily work hours and called in sick for a workday. Each time, Defendants DAVID HUNT and PETER WALSH retaliated by forcing Plaintiff to take two (2) to three (3) additional days off, preventing Plaintiff from earning wages on such days, even after Plaintiff

communicated to Defendants that he was feeling well, ready and willing to work. This happened to Plaintiff MATIAS RIVERA on at least three (3) different occasions since October 2014, and Plaintiff felt discouraged from requesting sick days in fear of retaliation.

32.     Througout his employment with Defendants, Plaintiff MATIAS RIVERA observed Defendants serving leftover food from catering events as meals for the restaurant employees. Plaintiff MATIAS RIVERA also observed some of the employees getting sick from eating the leftover food served by Defendants. Upon Plaintiff MATIAS RIVERA's request, one of the cooks, John [LNU], once made Plaintiff a cheeseburger to eat instead of the leftovers. When Defendant DAVID HUNT walked in and saw Plaintiff MATIAS RIVERA eating the cheeseburger, he became extremely angry and started yelling at both John and Plaintiff, saying that the employees are not allowed to eat anything other than the food that was already made available to them.

33.     During his employment with Defendants, Plaintiff MATIAS RIVERA ate the meals that Defendants provided at their restaurant only two (2) times on average each week. However, Defendants did not track the number of meals taken by Plaintiff MATIAS RIVERA, and from January 2014 Defendants indiscriminately deducted $3.00 per day as meal credit for each day that Plaintiff worked.

### Plaintiff CHARLES RESNICK

34.     From in or about May 2014 until in or about December 2016, Plaintiff CHARLES RESNICK was employed by Defendants to work as a server for Defendants' "Coogan's" restaurant located at 4015 Broadway, New York, NY 10032.

35.     Throughout his employment with Defendants, Plaintiff CHARLES RESNICK regularly worked more than forty (40) hours per workweek and more than ten (10) hours per

workday. At all relevant times during his employment, Plaintiff CHARLES RESNICK's regular work schedule was as follows: (i) eight (8) hours per day, from 8:00 a.m. to 4:00 p.m., for five (5) days per week and (ii) fifteen-and-half (15½) hours per day, from 8:00 a.m. to 11:30 p.m., for one (1) day per week.

36.     From the beginning of his employment with Defendants until in or about December 2015, Plaintiff CHARLES RESNICK was paid at a regular rate of $5.50 per hour. From in or about January 2016 until the end of his employment with Defendants, Plaintiff CHARLES RESNICK was paid at a regular rate of $7.50 per hour.

37.     Plaintiff CHARLES RESNICK spent approximately four (4) to five (5) hours every week serving at catering events for Defendants' restaurant. However, Defendants did not include such hours spent at catering events on Plaintiff CHARLES RESNICK's wage statements and paid Plaintiff separately in cash. By doing so, Defendants purposefully avoided the overtime premium payment of one-and-one-half times the regular rate, and instead paid Plaintiff at the regular hourly rate. Therefore, Plaintiff CHARLES RESNICK is owed unpaid overtime compensation for hours worked for Defendants at catering events, which exceeded forty (40) per workweek.

38.     Due to Plaintiff CHARLES RESNICK's busy work schedule that required him to work without any meal breaks, Plaintiff CHARLES RESNICK ate the meals that Defendants provided at their restaurant only two (2) to three (3) times on average each week during his employment with Defendants. However, Defendants did not track the number of meals taken by Plaintiff CHARLES RESNICK, and indiscriminately deducted $3.00 per day as meal credit for every day that Plaintiff worked.

***Plaintiff JONATHAN HERNANDEZ***

39.     From in or about July 2015 until in or about July 2016, Plaintiff JONATHAN HERNANDEZ was employed by Defendants to work as a line cook for Defendants' "Coogan's" restaurant located at 4015 Broadway, New York, NY 10032.

40.     Throughout his employment with Defendants, Plaintiff JONATHAN HERNANDEZ regularly worked more than forty (40) hours per workweek and more than ten (10) hours per workday. At all relevant times during his employment, Plaintiff JONATHAN HERNANDEZ's regular work schedule was as follows: (i) eight (8) hours per day, from 4:00 p.m. to 12:00 a.m., for five (5) days per week and (ii) twenty-one (21) hours per day, from 9:00 a.m. to 12:00 a.m., for one (1) day per week.

41.     From the beginning of his employment with Defendants until in or about February 2016, Plaintiff JONATHAN HERNANDEZ was paid at a regular rate of $12.00 per hour. From in or about March 2016 until the end of his employment with Defendants, Plaintiff JONATHAN HERNANDEZ was paid at a regular rate of $13.00 per hour.

42.     Throughout his employment with Defendants, Plaintiff JONATHAN HERNANDEZ rarely ate the meals that Defendants provided at their restaurant because Defendants only offered leftover food from their catering events and Plaintiff did not want to eat such leftovers that were at least one or two days old. Nonetheless, Defendants still indiscriminately deducted $3.00 as meal credit for each day that Plaintiff JONATHAN HERNANDEZ worked.

***Plaintiffs, FLSA Collective Plaintiffs and Class Members***

43.     At all relevant times, Defendants paid Plaintiff CHARLES RESNICK, Tipped FLSA Collective Plaintiffs and Tipped Subclass members at regular rates below the prevailing minimum wage in violation of the FLSA and NYLL.

44.     Plaintiff CHARLES RESNICK, FLSA Collective Plaintiffs and Class members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff CHARLES RESNICK, Tipped FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they received must be retained by them except for a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff CHARLES RESNICK, Tipped FLSA Collective Plaintiffs and Tipped Subclass members of the proper regular rate of pay or the amount of tip credit taken for each payment period.

45.     Throughout their employment with Defendants, Plaintiffs, FLSA Collective Plaintiffs and Class members suffered from Defendants' policy that improperly rounded the employees' daily hours worked down to the nearest quarter hour, and then paid wages only for those rounded hours instead of the actual hours they worked. This rounding policy resulted, over a period of time, in a systematic failure to compensate Plaintiffs, FLSA Collective Plaintiffs and Class members the proper regular and overtime wages for all hours worked.

46.     From in or about January 2014, Plaintiffs, FLSA Collective Plaintiffs and Class members suffered from Defendants' policy that automatically and indiscriminately

deducted $3.00 from their wages as meal credit for each day that they worked, even when the employees did not take the meals offered by Defendants on a regular basis.

47.     Based on Plaintiffs' direct observations and conversations with co-workers, FLSA Collective Plaintiffs and Class members similarly suffered from Defendants' failure to pay proper wage due to impermissible rounding of hours.

48.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL, due to Defendants' improper rounding policy.

49.     At all relevant times, the workdays of Plaintiff and Class members regularly exceeded ten (10) hours per day. However, Defendants failed to pay Plaintiff and Class members the spread of hours premium as required by NYLL.

50.     At no time during the relevant time periods did Defendants provide Plaintiff or Class members with proper wage and hour notices or wage statements as required by NYLL. The wage statements that were provided to Plaintiff and Class members failed to accurately reflect the hours that they worked.

51.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff CHARLES RESNICK, Tipped FLSA Collective Plaintiffs and Tipped Subclass members, despite failing to satisfy the requirements to claim tip credit.

52.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

53.    Plaintiffs reallege and reaver Paragraphs 1 through 52 of this class and collective action Complaint as if fully set forth herein.

54.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

56.    At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

57.    At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff CHARLES RESNICK and Tipped FLSA Collective Plaintiffs for their hours worked.

58.    Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs their wages in the lawful amount for their hours worked.

59.    At all relevant times, Defendants had a policy and practice of failing to pay the proper regular and overtime compensation (at the statutory rate of one and one-half times the regular rate of pay) to Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked due to Defendants' time shaving policy.

60.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the minium wage and overtime premium of one and one-half times the regular rate of pay for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

61.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

62.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

63.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime compensation, plus an equal amount as liquidated damages.

64.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

65.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

### <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

66.     Plaintiffs reallege and reaver Paragraphs 1 through 65 of this class and collective action Complaint as if fully set forth herein.

67.     At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

68.     Defendants knowingly and willfully violated Plaintiffs' and Tipped Subclass members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

69.     Defendants failed to pay Plaintiffs and Class members their wages in the lawful amount for their hours worked.

70.     Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper regular and overtime compensation (at rates of not less than one and one-half times the regular rate of pay) for all of their hours worked due to Defendants' time shaving policy.

71.     Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by taking invalid meal credit from their wages in violation of the New York Labor Law.

72.     Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

73.     Defendants knowingly and willfully failed to provide proper wage and hour notices, to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

74.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

75.     Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid spread of hours premium, damages for invalid meal credit deduction, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**<u>VIOLATION OF THE FAMILY MEDICAL LEAVE ACT</u>**

76.     Plaintiffs reallege and reaver Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77.     Defendants violated Plaintiff MATIAS RIVERA's statutory protected rights under the FMLA, by retaliating against Plaintiff for exercising his right to take medical leave.

78.     Defendants' conduct was intentional, malicious and in reckless disregard of Plaintiff MATIAS RIVERA's protected rights under the FMLA.

79.     As a result of Defendants' unlawful employment practice, Plaintiff MATIAS RIVERA sustained injury, including economic damages and the costs of bringing this action.

80.     Due to Defendants' violation under the FMLA, Plaintiff MATIAS RIVERA is entitled to recover from Defendants: (1) back pay and (2) attorneys' and expert fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   A declaratory judgment that the practices complained of herein are unlawful and violate the FMLA;

c.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.   An award of unpaid minimum wage due under the FLSA and NYLL;

e.   An award of unpaid overtime compensation due under the FLSA and NYLL;

f.   An award of unpaid wages due under the FLSA and NYLL due to Defendants' policy of time-shaving;

g.   An award of unpaid spread of hours premium due under the NYLL;

h.   An award of damages of invalid meal credit deductions due under the NYLL;

i.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

j.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

k.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation and spread of hours premium, pursuant to the NYLL;

l.    An award of back pay accruing as a result of reduced work hours caused by the illegal policies and practices alleged herein;

m.    An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

n.    Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

o.    Designation of this action as a class action pursuant to F.R.C.P. 23;

p.    Designation of Plaintiffs as Representative of the Class; and

q.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    October 30, 2017                Respectfully submitted,

By:    */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*